**Syed Muhammad Adil RIZVI, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 07–70091.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2008.**

Filed Oct. 27, 2008.

* Michael B. Mukasey is substituted for Alberto R. Gonzales as United States Attorney General. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephanie P. Berntsen, Esquire, Attorney, Christopher Holm Howard, Esquire, Attorney, Elizabeth K. Vielbig, Esquire, Attorney, Schwabe, Williamson & Wyatt, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, OIL, Don George Scroggin, Esquire, Trial Attorney, Linda S. Wendtland, Esquire, Attorney DOJ – U.S. Department of Justice, Washington, DC, WWS-District Counsel, Esquire, Immigration and Naturalization Service, Seattle, WA, for Respondent.

Before RYMER, and KLEINFELD, Circuit Judges, and HURLEY,*** District Judge.

## MEMORANDUM ****

Syed Muhammad Adil Rizvi (Rizvi) petitions for review of the final order by the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's decision, which denied Rizvi's application for asylum, withholding of removal, and protection under the Convention Against Torture. We affirm the BIA's order.

We lack jurisdiction to review the IJ's adverse credibility determination because the decision by the BIA did not adopt or rely on that finding. We may only review a final agency action. *See* 8 U.S.C. § 1252 (2006).

Substantial evidence supports the denial of Rizvi's application for asylum and withholding of removal. Under the post-Real ID Act version of 8 U.S.C. § 1158, the IJ did not err by requiring Rizvi to provide evidence that corroborated his testimony. *Parussimova v. Mukasey,* 533 F.3d 1128, 1133 (9th Cir.2008). A reasonable factfinder could conclude, as the IJ and BIA did, that Rizvi should have provided copies of corroborating medical records, since he testified to obtaining the same documents for an earlier asylum application in Canada.

The BIA did not err in finding that Rizvi could avoid future persecution by relocating within Pakistan. 8 C.F.R. § 1208.13 (2008). It was reasonable to conclude that the attacks were solely attributable to a group of Sunnis in Karachi, who were acting without the government's support. Given that no one has attacked Rizvi's family since he left Pakistan and that fourteen million Shiites remain in Pakistan, the record does not compel the finding that Rizvi has a "well-founded" fear of persecution simply because he is a Shiite.

It was also proper for the district court to deny Rizvi's petition under the Convention Against Torture. Rizvi admitted that the Pakistan government is not involved in attacks on Shiites. Rizvi did not establish that the government was unable or unwilling to protect against persecution, and the evidence showed the contrary, that some of his attackers were apprehended by the police and prosecuted criminally. Accordingly, Rizvi did not meet his burden of proof. *See* 8 C.F.R. § 1208.16; *Nuru v.*

*** The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gonzales,* 404 F.3d 1207, 1216 (9th Cir. 2005).

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.